```
                          FILED
                    U.S. DISTRICT COURT
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
                    2002 SEP 19  P 2: 13
```

ASHLEY WYETH WATSON, <u>et al.</u>     :

v.                                :      Civil Action WMN-02-1232

AMERICAN AIRLINES, INC.           :

* * * * * * * * * * * * * * * * * * * * * * * * * * * * *

SARA HOPPENGARDENER HENRY         :

v.                                :      Civil Action WMN-02-2413

AMERICAN AIRLINES, INC.           :

## MEMORANDUM

Before the Court in Civil Action No. WMN-02-CV-1232 are Plaintiffs' Motion to Alter and Amend the Dismissal Order of June 19, 2002 (Paper No. 15) and Alternative Motion for Leave to File an Amended Complaint (Paper No. 16). The motions are ripe for decision. Upon a review of the pleadings and applicable case law, this Court determines that no hearing is necessary (Local Rule 105.6) and that Plaintiffs' Motion to Alter and Amend the Dismissal Order will be denied and that the Motion for Leave to File an Amended Complaint will be granted.

## I. BACKGROUND

Plaintiffs, Ashley Wyeth Watson and Carrie Hersh, initially filed suit against Defendant in the Circuit Court of Anne Arundel County. Plaintiffs allege that they suffered severe food poisoning after consuming the in-flight meal aboard an American Airlines flight. Plaintiffs asserted claims of strict liability



against Defendant as a common carrier (Count I), negligence in the preparation of food (Count II), strict liability for the service of impure food (Count III), and willful misconduct in the preparation and serving of food (Count IV). Defendant removed the case to this Court, invoking the Court's jurisdiction to hear all cases or controversies arising under the Constitution, laws, or treaties of the United States. See, 28 U.S.C. § 1331. Defendant argued that Plaintiffs' claims are governed exclusively by the Convention for the Unification of Certain Rules Relating to International Transportation by Air (commonly known as the Warsaw Convention), a treaty to which the United States has been a signatory since 1934. Reprinted at 49 U.S.C. § 40195, note.

Defendant advanced the same argument as grounds for its motion to dismiss Plaintiffs' state law claims. This Court agreed, holding that state law claims are disallowed under the Warsaw Convention. Consequently, Plaintiffs' case was dismissed on June 19, 2002 for failing to state a claim upon which relief could be granted. Fed. R. Civ. Pro. 12(b)(6). Plaintiffs now move to have this Court "alter, amend, reverse, set aside, and vacate" its June 19, 2002 decision, pursuant to Federal Rule of Civil Procedure 59(e). Alternatively, Plaintiffs request leave to file an amended complaint.

2

## II. MOTION TO ALTER AND AMEND THE DISMISSAL ORDER OF JUNE 19, 2002

Although Federal Rule of Civil Procedure 59(e) does not provide a standard by which a district court may grant a motion to alter or amend judgment, the Fourth Circuit has provided the criteria for such a motion. Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). The Fourth Circuit "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Id. (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997)). The court concluded that the rule "permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" Id. (quoting Russell v. Delco Remy Div. of Gen. Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995)).

Generally, Rule 59(e) motions are disfavored because of the interest in finality and conservation of judicial resources. Thompson v. Direct Impact Co., 63 F.Supp.2d 721, 724 (E.D.Va. 1998) (citing Rouse v. Nielsen, 851 F.Supp. 717, 734 (D.S.C. 1994)). Additionally, the motion may not be used to "rehash" the

same argument and facts previously presented. <u>Id.</u> (quoting <u>Keyes v. National R.R. Passenger Corp.</u>, 766 F.Supp. 277, 280 (E.D.Pa. 1991)). Here, Plaintiffs' motion seeks to reargue the issue that this Court has already decided: that state law claims do not elaborate on the term "accident" as it is found in the Warsaw Convention, but rather the Convention preempts these claims. Pl.'s Mot. at 2-5. Once again, Plaintiffs cite no legal authority to support their argument. Accordingly, this Court finds that its dismissal of Plaintiffs' complaints was proper and denies Plaintiffs' motion to alter and amend its dismissal order.

### III. MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

As a preliminary matter, the Court notes that, contrary to Plaintiffs' belief, the dismissal order was without prejudice. <u>See</u>, Pl.'s Alt. Mot. at 1 (stating that the Court erred in dismissing its complaint "with prejudice"). Second, the Court acknowledges Defendant's argument that Plaintiffs failed to comply with Local Rule 103.6 which requires that a motion for leave to file an amended complaint be accompanied by a clean copy and a red-lined copy of the proposed amended complaint. Def.'s Opp. at 5-6. Plaintiffs attached nothing to their motion. Although this Court has on at least one occasion denied such a motion because of the plaintiff's failure to follow Local Rule 103.6, it is not required to do so and finds the facts of the

4

instant case distinguishable from those of the previous case.[1] Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Here, the Court finds that Defendant will suffer no hardship from granting Plaintiffs leave to amend, and therefore, this Court grants Plaintiffs leave to file a proper amended complaint within 10 days.

### IV. PLAINTIFF HENRY, Civil Action No. WMN-02-2413

In the above-captioned cases, Plaintiffs are represented by the same counsel and are suing the same Defendant for claims that arise out of the same transaction. The Complaints state identical causes of action and identical underlying factual circumstances. The Court will give the parties 10 days to show cause why the cases should not be consolidated for both discovery and trial.

---

[1] In Papesh v. American Nat'l Can Co., this Court denied the plaintiff's motion to amend his complaint based partly upon the plaintiff's failure to follow Local Rule 103.6. 177 F.R.D. 344, 345 (D.Md. 1997). In that case, after a period of no activity for more than a year, this Court granted the plaintiff's motion for the case to continue on the condition that he file, within 14 days, a motion for leave to amend his complaint and a proposed amended complaint. The plaintiff did not fully comply with this Court's order and filed just a motion for leave to amend his complaint. This Court denied the motion in part because the plaintiff did not follow the Local Rule and in part because of the difficulty defense counsel and the Court were having in determining exactly what causes of action Plaintiff was seeking to add to his complaint by way of the motion for leave to amend. Id.

Before the Court in Civil Action No. WMN-02-2413 is Defendant's Motion to Dismiss and for Summary Judgment (Paper No. 8). The motion is fully briefed and ripe for review. This Court granted Defendant's Motion to Dismiss and for Summary Judgement in Civil Action No. WMN-02-1232, Plaintiff Watson's case (Paper No. 14). For the same reasons, the Court will grant Defendant's motion without prejudice with respect to Plaintiff Henry.

With respect to Plaintiff Henry, the Court anticipates a similar motion to amend in response to its dismissal of Plaintiff's complaints. As such, the Court will grant leave to file an amended complaint that is correctly pled under the Warsaw Convention. Additionally, the Court suggests that, unless Plaintiffs dispute the consolidation of the two cases, Plaintiffs should file one amended complaint which joins all Plaintiffs and pleads the case appropriately.

**IV. CONCLUSION**

For the foregoing reasons, in Civil Action No. WMN-02-1232, Plaintiffs' Motion to Amend and Alter will be DENIED and Plaintiffs' Motion for Leave to File an Amended Complaint will be GRANTED. In Civil Action No. WMN-02-2413, Defendant's Motion to Dismiss and for Summary Judgment will be GRANTED without prejudice. A separate order consistent with this memorandum will issue.

William M. Nickerson
Senior United States District Judge

Dated: September 19, 2002